Walsh v. Rosso.

### John B. Walsh

*v.*

### Carlo Rosso.

[Filed November 23d, 1899.]

A receiver appointed in supplementary proceedings can maintain a bill to charge land belonging to the judgment debtor's wife with the amount of the judgment, where the wife purchased subject to a mortgage and the mortgage was paid off in part by the husband out of the proceeds of goods sold by him, and for which the judgment was rendered, and the judgment is less than the payments made by the husband, as such suit is one for the recovery of personalty and not of land.

On final hearing.

*Mr. Leon Abbett,* for the complainant.

*Mr. John H. Meeker,* for the defendant.

Stevens, V. C.

On December 4th, 1897, Angela Franchi recovered a judgment in the supreme court, against Carlo Rosso, for $502.15, on a running account extending back several years. On March 3d, 1898, the complainant was appointed receiver of the property of Rosso, in supplementary proceedings, and on March 19th, 1898, he began the present suit against Carlo Rosso, his wife, Marietta, and the Standard Building and Loan Association. The facts, as shown by the evidence, are as follows:

On October 25th, 1893, Marietta Rosso purchased a saloon property for the consideration of $6,000. The consideration was made up, first, of a mortgage of $3,800 held by the Standard Building and Loan Association; second, of a cash payment of $700 made by Mrs. Rosso out of her own moneys; and third, of a mortgage to the vendors. After purchasing, Carlo Rosso carried on the business of keeping a saloon, in his own name.

Each month the sum of $40 was taken from the business, and payments of principal and interest made thereout on the mortgage of the association. The amount of principal thus paid was $1,353.75. The claim is that, in some form, the receiver is entitled to recover out of the mortgage property so much of this money as may be necessary to pay the claim of the judgment creditor. The evidence shows that a part of the money paid came out of the proceeds of the sale of the liquor furnished by him.

It was urged that there was an agreement between husband and wife, by which the wife was to receive $40 a month for her services in attending to her household duties, looking after the saloon in her husband's absence and by way of rent for the saloon. Mr. and Mrs. Rosso stated this agreement in so many different ways that it is quite impossible to believe that there really was any other definite understanding between them than that the money to pay the principal and interest of the building association mortgage was to be paid out of the profits of the saloon business. It is very plain that this money was the husband's and not the wife's.

The only debatable question is whether the complainant is the proper person to bring this suit. It has been held that a receiver appointed in supplementary proceedings may sue in equity to recover personal property (*Miller* v. *Mackenzie, 2 Stew. Eq. 291*), and may not sue to recover land (*Higgins* v. *Gillesheiner, 11 C. E. Gr. 308; Semon* v. *Terhune, 13 Stew. Eq. 565; Boid* v. *Dean, 3 Dick. Ch. Rep. 193*). The question is, "Is the receiver here trying to recover realty or personalty?" On demurrer to the bill filed in this case, which is somewhat loosely framed, Vice-Chancellor Pitney held that the receiver was seeking to reach personalty. I think that the evidence supports his ruling.

To solve the question we must ascertain with precision just what the receiver is suing for.

It is conceded that Mrs. Rosso bought the property with her own money. She therefore became sole owner of it. She bought it, however, subject to the mortgage. Her husband, out of the profits of a business which belonged exclusively to him, gave

her the money to pay off a considerable part of this mortgage. And so the payments were, in substance, gifts from him to his wife. While these gifts were legal as between the parties, they were fraudulent and void as to Franchi, who was his creditor at the time they were made. What the receiver claims, then, is that this money which has thus fraudulently gone into the property of the wife shall, to the extent of the complainant's judgment, be charged thereon.

If this be the true view of the matter the receiver is not pursuing land, as he would be if he were claiming that the husband had made a fraudulent conveyance of realty that had originally belonged to him, or as he would be if he were claiming that the husband's money had, in the first instance, paid for land taken in the name of some other person who held in trust for him. What he seeks to recover is money, and all that he asks is that, having traced that money into land, he shall be permitted to sell it in order to make the money out of it. If the receiver were following a mortgage which the husband had held on his wife's property and which he had conveyed in fraud of creditors, the claim would not be substantially different. The mortgage lien recovered would only differ from the lien fastened upon the land by the decree of this court, in the circumstance that the one was created by the parties and the other by the judgment of the law. The remedy, viz., a sale of the land to satisfy the debt, would in both cases be similar. It seems to me, therefore, that a demand of this character is not realty but personalty, and is recoverable by a receiver in supplementary proceedings.

Franchi's judgment is much less than the amount of principal paid on the wife's mortgage out of the husband's money. The decree will therefore be that unless the wife pay the judgment with interest within sixty days the property will be sold to satisfy it.

To avoid misapprehension I may say that, as I view the matter, the complainant is not subrogated to the right of the association and does not stand upon an equality with it. His lien is a distinct and subsequent lien, resting for support upon the grounds that I have mentioned.